1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT

9

FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11

GLENN O'CONNOR,

Case No.  2:23-cv-00945-JDP (PC)

12

Plaintiff,

ORDER SCREENING PLAINTIFF'S
COMPLAINT

13

v.

14

C. ROMERO,

ECF No. 8

15

Defendant.

16

17

18

Plaintiff, a state prisoner proceeding without counsel, alleges that correctional officer

19

Romero knowingly left him in his cell while he was suffering from a medical emergency.  The

20

complaint is framed as asserting an Eighth Amendment deliberate indifference claim, but it also

21

appears to allege a state tort claim for intentional infliction of emotional distress.  Out of an

22

abundance of caution, the court will grant plaintiff the opportunity to either proceed with his

23

cognizable Eighth Amendment claim or amend his complaint.

24

**Screening and Pleading Requirements**

25

A federal court must screen a prisoner's complaint that seeks relief against a governmental

26

entity, officer, or employee.  *See* 28 U.S.C. § 1915A(a).  The court must identify any cognizable

27

claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a

28

1

1  claim upon which relief may be granted, or seeks monetary relief from a defendant who is

2  immune from such relief.  *See* 28 U.S.C. §§ 1915A(b)(1), (2).

3      A complaint must contain a short and plain statement that plaintiff is entitled to relief,

4  Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its

5  face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not

6  require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S.

7  662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere

8  possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not

9  identify "a precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024,

10  1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that

11  give rise to an enforceable right to relief."  *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264

12  n.2 (9th Cir. 2006) (en banc) (citations omitted).

13      The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404

14  U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it

15  appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which

16  would entitle him to relief."  *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).

17  However, "'a liberal interpretation of a civil rights complaint may not supply essential elements

18  of the claim that were not initially pled.'"  *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,

19  1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

20                                    **Analysis**

21      The complaint alleges that plaintiff is housed in a specialized medical unit at California

22  Health Care Facility ("CHCF") because he suffers from emphysema, bronchiectasis, pulmonary

23  aspergillosis, and other lung and respiratory diseases.  ECF No. 8 at 8.  Plaintiff's conditions

24  prevent him from leaving his cell, and he relies on staff to provide him services.  *Id.*

25      On July 15, 2022, defendant correctional officer C. Romero was assigned to plaintiff's

26  cell.  *Id.* at 9.  The complaint alleges that Romero entered plaintiff's cell to collect plaintiff's

27  breakfast when plaintiff said, "Officer, I can barely breathe!  I feel like I am going to suffocate!

28  Please press your button!"  *Id.*  Romero ignored plaintiff's request for medical attention and left

1    plaintiff in his cell. Plaintiff claims to have suffered respiratory distress for hours afterwards.

2    Days later, plaintiff's doctor ordered that plaintiff be transported to an outside hospital where

3    plaintiff learned that he had contracted COVID-19 and was suffering from severe blood

4    poisoning. *Id.* at 10. The complaint also states that plaintiff suffered emotional distress when

5    Romero left him in his cell. *Id.* at 10-11.

6        The complaint tries to identify two discrete Eighth Amendment claims based on the same

7    factual allegations: deliberate indifference to plaintiff's serious medical needs and intentional

8    infliction of emotional distress.[1] However, the alleged intentional infliction of emotional distress

9    does not, standing alone, state a cognizable federal claim. While appropriate allegations might

10    support an independent state law tort claim, the court views these allegations of emotional distress

11    not as a separate claim but as factors relevant to the assessment of damages under plaintiff's

12    Eighth Amendment deliberate indifference claim. As a prisoner, plaintiff may not obtain

13    compensatory damages based on mental or emotional injury alone, without a showing of physical

14    injury. *See* 42 U.S.C. § 1997e(e) ("No Federal civil action may be brought by a prisoner confined

15    in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in

16    custody without a prior showing of physical injury."). "[F]or all claims to which it applies, 42

17    U.S.C. § 1997e(e) requires a prior showing of physical injury that need not be significant but

18    must be more than de minimis." *Oliver v. Keller*, 289 F.3d 623, 627 (9th Cir. 2002) (fn. omitted).

19    Thus, the allegations of both physical and emotional injuries based on the same facts state one

20    cognizable Eighth Amendment claim.

21        With this in mind, plaintiff may either notify the court that he wishes to proceed on his

22    cognizable Eighth Amendment claim against defendant Romero, in which case I will direct

23    service, or he may elect to amend his complaint. If plaintiff amends his complaint, I will delay

24    serving any defendant and will screen his amended complaint in due course. Plaintiff is reminded

25    that any amended complaint will supersede the current complaint. *See Lacey v. Maricopa Cnty.*,

26

27        [1] The complaint form lists one cause of action: Eight Amendment medical care. *See* ECF No. 1 at 3. However, the body of the complaint lists as an additional claim "severe emotional

28    distress." *Id.* at 11.

693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc).  The amended complaint should be titled "First Amended Complaint" and refer to the appropriate case number.

Accordingly, it is ORDERED that:

1.  Within thirty days from the service of this order, plaintiff shall either file a notice with the court indicating his intent to proceed only with his Eighth Amendment claim against Romero or he shall file an amended complaint.

2.  The Clerk of Court shall send plaintiff a § 1983 complaint form with this order.

3.  Failure to comply with this order may result in a recommendation of dismissal.

IT IS SO ORDERED.


Dated:    December 6, 2023                                    _____
                                                             JEREMY D. PETERSON
                                                             UNITED STATES MAGISTRATE JUDGE